## MARVIN *v.* C. AULTMAN & Co.

*(Circuit Court, N. D. Ohio, E. D.  June, 1891.)*

**FEDERAL COURTS—PRACTICE.**
Inasmuch as the circuit court of the United States is vested with exclusive jurisdiction to try cases involving the validity of patents issued by the United States, the rule that the pleadings and practice shall conform to the practice in like cases in the state court does not apply, and in such a case the plaintiff cannot avail himself of the provisions of the Ohio statute (Code Ohio, §§ 5099–5101) by attaching to his petition interrogatories to be answered by defendant on pain of being defaulted, and thereby compel him to disclose testimony which is important in the trial of the cause.

At Law.  On motion for judgment.
*Marvin & Cook* and *Charles S. Cairns*, for plaintiff.
*Wm. A. Lynch* and *Charles R. Miller*, for defendant.

JACKSON and RICKS, JJ.  This is a motion for judgment herein against the defendant by default for failure to answer the interrogatories annexed to the petition of the plaintiff filed herein, as required by law. This is an action on the case under section 4919 of the Revised Statutes of the United States. The petition filed in this case is prepared in accordance with the Code of Ohio. Section 5099 of the Revised Statutes of Ohio provides that "a party may annex to his pleading, other than a demurrer, interrogatories pertinent to the issue made in the pleadings; which interrogatories, if not demurred to, shall be plainly and fully answered under oath, by the party to whom they are propounded, or, if such party is a corporation, by the president, secretary, or other officer thereof, as the party propounding requires." Section 5100 provides:

"When annexed to the petition, the interrogatories shall be answered within the time limited for answer to the petition." Section 5101 provides: "Answers to interrogatories may be enforced by nonsuit, judgment by default, or by attachment, as the justice of the case may require; and, on the trial, such answers, so far as they contain competent testimony on the issue or issues made, may be used by either party." The interrogatories propounded and annexed to the petition call for facts from the officers of the defendant corporation as to the number of patented devices made under the letters patent attached to the petition; how many were sold during the period from 1883 to 1890, the period covered by the alleged infringement; and other matters relating to their manufacture and sale pertinent to the issue made by the pleadings in this case. The defendant declines to answer said interrogatories, and claims that, under the practice of the courts of the United States in such cases, it cannot be compelled to make answers thereto. This presents the question as to whether the pleadings in an action of this kind, and the trial of the cause, shall conform to the pleadings and practice in law cases under the Ohio Code, or whether such pleadings and practice are specially provided for by the Revised Statutes of the United States. We think that, inasmuch as the circuit court of the United States is vested with exclusive jurisdiction to try cases involving the validity of patents issued by the United States, it cannot be said that there are "like causes" in the courts of the several states to which the practice, pleadings, forms, and mode of proceedings shall conform. It is not material whether the declaration is called a "petition" or a "declaration," nor is it very important as to the precise form in which it is expressed; but it should contain all the essential averments that are prescribed for a declaration in an action on the case under the common-law form of pleading, because that was supposed to be in the mind of congress when section 4919 was enacted. The petition in this case contains all such essential averments, and is therefore a good petition; but we do not think the plaintiff has the right to avail himself of the provisions of the Ohio statute in attaching to his petition interrogatories, and thereby compel the defendant to disclose testimony which is important in the trial of the cause. The statutes of the United States specifically provide how testimony in actions of this kind may be secured and offered in the courts of the United States. Those provisions of the statute are ample, and give the plaintiff the benefit of all the evidence which he seeks to obtain by the interrogatories attached to his petition. The motion for judgment is denied, but an order may be entered allowing the plaintiff a *subpœna duces tecum* requiring the defendant to produce the correspondence, books, and records of the corporation, as provided by the statutes of the United States. The case of *Myers* v. *Cunningham*, 44 Fed. Rep. 346, (decided by the district judge for this district at the June term of this court, 1890, held in Toledo,) has been examined, and is approved by the circuit judge.